UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARL SNOWDON; SUZANNE SNOWDON; MAVERICK SNOWDON; and PAIGE SNOWDON,<br><br>        Plaintiffs,<br><br>vs.<br><br>PREFERRED RV RESORT OWNERS ASSOCIATION, a Nevada Corporation dba Preferred RV Resort; JAMES S. HORTON, individually and as manager of the Preferred RV Resort; THOMAS KREFT, individually and as an employee of Preferred RV Resort; CANDICE DURBIN, individually and as President of the Board of Directors of Preferred RV Resort; WILLIAM T. SCHAFFER, individually and as Treasurer of the Board of Directors of Preferred RV Resort; RUTH UNCAPHER, individually and as Secretary of the Board of Directors of Preferred RV Resort; KARL ARNSHEIER, individually and as Director of Preferred RV Resort; DOES I-XX, inclusive,<br><br>        Defendants. | Case No.: 2:09-cv-01984-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#10; Motion to Dismiss–#11) |

Before the Court is Defendants Preferred RV Resort Owners Association, James S. Horton, and Thomas Kreft's **Motion to Dismiss** (#10) as well as Defendants Candice Durbin, William T. Schaffer, Ruth Uncapher, and Karl Arnsheier's **Motion to Dismiss** (#11), both filed

1

March 25, 2010. Because these motions seek the same relief and have been joined by all Defendants, the Court considers them jointly. The Court has also considered Plaintiff Karl Snowdon, Suzanne Snowdon, Maverick Snowdon, and Paige Snowdon's (collectively "the Snowdons") Oppositions (#15 and #16), filed April 23, 2010, and Defendants' Replies (#18 and #19), filed May 3, 2010.

## BACKGROUND

Defendant Preferred RV Resort Owners Association is a Nevada corporation that owns and manages a "resort" in Pahrump, Nevada. Defendants Candice Durbin, William T. Schaffer, Ruth Uncapher, Karl Arnsheier, James S. Horton, and Thomas Kreft are various officers, directors, and employees of Preferred RV Resort. Defendants sell timeshare interests in the Resort, which gives the Resort's "members" the right to park a recreational vehicle on certain parcels within the Resort and to use the Resort's various amenities. On February 12, 2007, the Snowdons purchased, as joint tenants, a fractional interest in a piece of property within the Resort. The Snowdons allege that after they purchased their timeshare interest, Defendants subjected them to a "barrage of harassment," which included "outrageous violent and discriminatory actions." (#1, ¶ 4.) The Snowdons allege that when they complained about Defendants' actions, Defendants unlawfully deprived them of their property interest in the Resort. On November 9, 2007, Defendants informed the Snowdons that they had violated several of the Resort's rules and regulations and that their membership privileges were being suspended for a six-month period.

On August 19, 2008, the Snowdons filed a suit in this Court against Defendants pursuant to 42 U.S.C. § 1983 and alleged violations of the First, Fifth, and Fourteenth Amendments. In addition, the Snowdons brought numerous state law claims arising from Defendants' alleged mistreatment of their family members. The Court dismissed the Snowdons' federal claims because Preferred RV Resort is not a state actor under 42 U.S.C. § 1983 and dismissed the remaining state law claims for lack of subject matter jurisdiction. The Snowdons

/

AO 72
(Rev. 8/82)

subsequently appealed this decision to the Ninth Circuit, which affirmed on the alternative ground that summary judgment on these claims was appropriate.

On October 13, 2009, the Snowdons filed a new suit in this Court against Defendants. The Snowdons reallege all of their state law claims from the prior lawsuit, but do not bring a claim under 42 U.S.C. § 1983. The Snowdons do, however, bring a federal claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. In this claim, the Snowdons allege Defendants executed an unlawful scheme wherein they marketed and sold resort memberships to families with children, with the intention of later depriving those families of their use of the membership. Defendants now move to dismiss the Snowdons' RICO claim. For the reasons discussed below, the Court grants Defendants' motion to dismiss and dismisses all remaining claims for lack of subject matter jurisdiction.

## DISCUSSION

**I.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the court must accept as true all

factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at 1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements, also do not suffice. *Iqbal*, 129 S. Ct. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**II.    Motion to Dismiss**

    **A.    RICO**

To state a cause of action under RICO, a plaintiff must allege that the defendants, through the conduct of a business enterprise, engaged in racketeering activity that caused injury to the plaintiff's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,* 431 F.3d 353, 361 (9th Cir. 2005). A plaintiff alleging a RICO claim must also satisfy Rule 9's heightened pleading standard because Rule 9 applies to RICO claims. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400–01 (9th Cir. 1986). A RICO plaintiff must therefore "state the time, place, and specific content" of the RICO activity. *Odom v. Microsoft Corp.,* 486 F.3d 541, 552 (9th Cir. 2007) (internal citation omitted).

The Snowdons' RICO claim fails because they have not alleged with sufficient specificity any conduct that amounts to racketeering on the part of Defendants. The Snowdons claim Defendants are liable under RICO because they engaged in mail and wire fraud when processing the Snowdons' timeshare interests, but the Snowdons do not describe the content of

4

Defendants' allegedly fraudulent misrepresentations. Put in other words, the Snowdons do not specify what was false or misleading about the documentation they signed when they obtained their timeshare interests in the Resort. Because they do not make any specific allegations, the Snowdons have alleged nothing more than a dispute regarding the interpretation and enforcement of the Resort's timeshare policies. This allegation might be sufficient to support one of the Snowdons' many state law claims, but it does not properly state a federal RICO claim. Accordingly, the Court grants Defendants' motion to dismiss.

### B.  Remaining Claims

Having dismissed Plaintiffs' RICO claim, this Court lacks subject matter jurisdiction over the Snowdons' state law claims. The Court therefore dismisses these claims and closes this case.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Preferred RV Resort Owners Association, James S. Horton, and Thomas Kreft's Motion to Dismiss (#10) is GRANTED.

IT IS FURTHER ORDERED that Defendants Candice Durbin, William T. Schaffer, Ruth Uncapher, and Karl Arnsheier's Motion to Dismiss (#11) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' state law claims are dismissed for lack of subject matter jurisdiction.

The Clerk of the Court is ordered to close this case.

Dated: July 1, 2010.

_____
ROGER L. HUNT
Chief United States District Judge